By the Court.
The meaning of the agreement appears clearly on the face of it. If the title of the population company was better than the plaintiff’s, the latter was bound to return the consideration, if he had received it. But if the plaintiff had no title, the defendant was not bound to pay. The warrant being indescriptive, would give way to a bona fide settlement and improvement, if made previous to the survey, under the proviso in the act of 22d April 1794, but not to a land-jobbing cabin, made without an intention of residence. The improvement .meant in this law, can be no other than that described in the act of 30th December 1786, (2 St. Laws, 488,) and this fully appears by the act of 22d September 1794. On this point, the court expressed the grounds of their opinion fully, in Meade’s lessee v. Haymaker.
But it is said, the plaintiff should be allowed for his cabin. Why so? No such provision was made in the article, if the title of the population company was preferable. The effect of a recovery by that company against the defendant, would be that the judgment would be conclusive evidence against the now plaintiff. At present the point of title is open for investigation by the present jury; and the court are clearly of opinion, that the want of title in the plaintiff is a good defence in the present suit, though there has been no eviction.
Verdict for the defendant.